UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MIGUEL B.E., | Case No. 26-CV-1487 (NEB/DLM) |
| Petitioner, | |
| v. | ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| PAMELA BONDI, Attorney General, KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, and WARDEN, Karnes County Immigration Processing Center, Karnes City, Texas, | |
| Respondents. | |

This matter is before the Court on Petitioner Miguel B.E.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Miguel B.E. is a citizen of Ecuador who has lived in the United States since November 2023. (*Id.* ¶ 14.) He presented at the border upon arrival and was later released on his own recognizance. (*Id.* ¶ 29.)

Miguel B.E. has a pending asylum application and does not have a final order of removal. (*Id.* ¶ 15.) There is no evidence in the record that Miguel B.E. has any criminal history.

On January 14, 2026, while Miguel B.E. was running errands, Immigration and Customs Enforcement ("ICE") took him into custody—without a warrant. (*Id.* ¶ 16.) ICE took Miguel B.E. to Fort Snelling, Minnesota for processing. (*Id.* ¶ 20.) Miguel B.E. alleges that "within hours of his arrest" he was transferred out of Minnesota. (*Id.* ¶ 6.) He is currently detained at the Karnes County Immigration Processing Center in Karnes City, Texas. (*Id.* ¶ 8.) Afterwards, Miguel B.E. filed this habeas action challenging his detention under 28 U.S.C. § 2241.[1]

Miguel B.E. is one of hundreds of petitioners in the District who have challenged their custody without an individualized bond determination. Like those petitioners, Miguel B.E. argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides for a bond hearing. 8 U.S.C. §§ 1225,

---

[1] Though Miguel B.E. is apparently detained in Texas, Respondents do not contest the forum of his habeas petition. (ECF No. 4 at 1 n.1 ("[A]s of the time of this filing, ICE has not provided the Federal Respondents' undersigned counsel with affidavits, exhibits, or other verified information regarding the timing and circumstances of Petitioner's transfers that would be necessary to advance a good-faith argument regarding the applicability of *Padilla* [the district of confinement rule] in this case.").) So, Respondents have waived any objection to this forum. *Mathena v. United States*, 577 F.3d 943, 946 n.3 (8th Cir. 2009) (stating that, although petitioner did not file his petition in his district of confinement, "the government waived any objection by not raising the issue").

1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because he has been living in the United States since he entered the country over two years ago, Miguel B.E. asserts that Section 1226, rather than Section 1225, applies. He therefore argues that his detention under Section 1225(b)(2) violates the Fifth Amendment, the INA, and the Administrative Procedure Act.

The Court has already concluded that petitioners similarly situated to Miguel B.E. are governed by Section 1226 rather than Section 1225. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Miguel B.E. while he was entering the United States. Instead, he was detained while "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter came to the same conclusion as *R.E. See, e.g.*, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025);

3

*Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), --- F. Supp. 3d ---, 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents concede that the Court's decision in *R.E.* controls Miguel B.E.'s Petition but ask the Court to reconsider its position in light of decisions from the minority viewpoint, including the Fifth Circuit decision in *Buenrostro-Mendez v. Bondi*, --- F.4th ---, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Respondents then refer the Court to their arguments in *Avila v. Bondi*, No. 25-3248 (8th Cir. Docketed Nov. 10, 2025). The Court recognizes, but is not persuaded by, the minority viewpoint; it has already considered and rejected that viewpoint.[2]

The Court therefore grants the Petition for Writ of Habeas Corpus, but the issue of remedy remains. Miguel B.E. asserts that immediate release is warranted because he has already been released on his own recognizance under Section 1226, and Section 1226 provides no authority to revisit that determination years later, especially without any material changes in Miguel B.E.'s circumstances. Respondents do not respond to this

---

[2] The Court notes that Respondents' arguments to the contrary are preserved for appeal.

argument. Respondents' detention of Miguel B.E. without any notice or opportunity to be heard regarding the revocation of parole violated Miguel B.E.'s Fifth Amendment rights. *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034-35 (N.D. Cal. 2025). Because Miguel B.E.'s liberty interest stems from his release on his own recognizance, immediate release is warranted.[3] *E.g.*, *Gergawi v. Larose*, No. 3:25-CV-3352-JES-MMP, 2025 WL 3719321, at *4 (S.D. Cal. Dec. 23, 2025); *Mayamu K. v. Bondi*, No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *8 (D. Minn. Oct. 20, 2025).

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

---

[3] Immediate release is also warranted because a warrant is a prerequisite to detention under Section 1226(a). Miguel B.E. alleges that his arrest was warrantless, and Respondents did not support a warrant to support Miguel B.E.'s arrest, despite the Court's Order directing them to do so. (ECF No. 3.) So Miguel B.E.'s detention lacks a lawful predicate, which is a further ground entitling him to immediate release. *Vedat C. v. Bondi*, No. 25-CV-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6; *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025), *appeal filed* (Nov. 6, 2025).

a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

b. ORDERS Respondents to immediately return and release Petitioner in Minnesota;

c. ORDERS that Respondents release Petitioner from custody in Minnesota subject only to the conditions of Petitioner's prior Order of Release on Recognizance. Respondents shall not impose any new conditions on Petitioner's release. Respondents must release Petitioner from custody in Minnesota as soon as practicable with coordination or at least two hours' advance notice to counsel, but not later than **two days** after entry of this Order;

d. ORDERS that Respondents release Petitioner in Minnesota with all Petitioner's personal effects, including all personal property seized during Petitioner's arrest such as, but not limited to, Petitioner's driver's license, passport, immigration papers, cell phone, and keys; and

      e.      ORDERS that, within **four days** of release, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 20, 2026                                       BY THE COURT:
Time: 10:48 a.m.                                                   s/Nancy E. Brasel
                                                                                 Nancy E. Brasel
                                                                                 United States District Judge